**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Khamaljit Singh KHERA,
Defendant–Appellant.**

**No. 06–10102.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed May 2, 2007.

Anne Pings, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

David A. Nickerson, Esq., San Rafael, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and BENITEZ *, District Judge.

## MEMORANDUM **

Khamaljit Singh Khera appeals from the 30–year sentence imposed by the district court following his conviction in a jury trial for a drug conspiracy. We affirm.

■ First, Khera challenges the district court's application of the gun enhancement listed in U.S.S.G. § 2D1.1(b)(2). The enhancement will not be applied if it is "clearly improbable that the weapon was connected with the offense." *United States v. Lopez–Sandoval*, 146 F.3d 712, 714 (9th Cir.1998) (quoting U.S.S.G. § 2D1.1, cmt. n. 3). Khera failed to establish that it was "clearly improbable" that the gun was connected to the drug conspiracy.

■ Second, Khera claims the district court erroneously determined that Khera was ineligible for the U.S.S.G. § 3E1.1(a) acceptance of responsibility reduction. Because Khera received an obstruction of justice enhancement, and because the district court did not clearly err in concluding that Khera failed to sufficiently accept responsibility, we reject Khera's claim. *See* U.S.S.G. § 3E1.1, cmt. n. 4 (addressing effect of an obstruction of justice enhancement); *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006) (reviewing acceptance of responsibility determination for clear error).

■ Finally, Khera argues the district court erred in failing to conduct an evidentiary hearing to explore whether the government's refusal to file a U.S.S.G. § 5K1.1 substantial assistance motion was unconstitutionally motivated. Specifically, Khera argues that the government's promises of a particular sentence reduction before trial established his assistance as valuable, so it was only to punish Khera for exercising his right to a trial that the government refused to file a motion at sentencing. Khera must make a "substantial threshold showing" of a constitutional violation before an evidentiary hearing is warranted. *See Wade v. United States*, 504 U.S. 181, 185–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (noting that a mere allegation that the defendant provided substantial assistance does not entitle a defendant to an evidentiary hearing). This Khera did not do. The government's letter offering a 28% reduction does not establish a "substantial threshold showing" of an unconstitutional motive. The letter listed multiple deficiencies in Khera's assistance, and the offer was contingent upon Khera's accepting responsibility, pleading guilty, and stipulating that he obstructed justice. There is simply nothing unconstitutional about the government's offer of a § 5K1.1 motion during negotiations in an attempt to induce Khera's guilty plea. *See United States v. Murphy*, 65 F.3d 758, 763 n. 1 (9th Cir.1995) (finding proper the government's use of a § 5K1.1 motion to induce a guilty plea).

**AFFIRMED.**

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.